IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-HC-2085-D

|  |  |  |
|---|---|---|
| BOBBY LEE RAWLINGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN A. HERRING, | ) | |
| | ) | |
| Respondent. | ) | |

On August 3, 2018, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 23] and recommended granting respondent's motion for summary judgment [D.E. 14] and dismissing Bobby Lee Rawlings's ("Rawlings") 28 U.S.C. § 2254 petition as untimely. See M&R at 9–10. Rawlings objected to the M&R [D.E. 24].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

Rawlings's objections focus largely on the merits of his claims rather than the timeliness of his petition. See Objs. [D.E. 24] 1–10. Because Rawlings's objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Alternatively, Rawlings's objections lack merit. The statutory period for Rawlings to file a habeas petition expired April 7, 2017. Rawlings did not file his petition until April 14, 2017, and Rawlings has not plausibly alleged any basis for equitable tolling. See M&R at 6–10. In opposition to this conclusion, Rawlings argues his post-conviction filings tolled the filing period. See Objs. at 11–12. However, Rawlings's improperly filed post-conviction motions did not toll the limitations period. See M&R at 7–8.

Although Rawlings does not assert actual innocence as a basis for equitable tolling, Rawlings does assert his innocence. See Objs. at 10. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting and citing Schlup v. Delo, 513 U.S. 298, 329 (1995)) (alteration in original). In order to toll the time for filing his petition, Rawlings must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. The court must evaluate the credibility of the new evidence in light of the entire record. See O'Dell v. Netherland, 95 F.3d 1214, 1250 (4th Cir. 1996) (en banc), aff'd, 521 U.S. 151 (1997). Rawlings's bald assertion in his objections that he is innocent, examined in light of the entire record, falls far short of the requisite standard. See, e.g. Wagoner v. Thornton, No. 5:14-CV-108-FDW, 2014 WL 2968598, at *2 (W.D.N.C. July 2, 2014) (unpublished).

2

In sum, after reviewing the M&R, the record, and Rawlings's objections, the court OVERRULES Rawlings's objections [D.E. 24] and ADOPTS the conclusions in the M&R [D.E. 23]. Respondent's motion for summary judgment [D.E. 14] is GRANTED, and Rawlings's petition [D.E. 1] is DISMISSED as untimely. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 22 day of August 2018.

J. Dever
JAMES C. DEVER III
Chief United States District Judge